UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER STARKS,

       Plaintiff,

vs.

       Case No. 13-CV-13924
       HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 12]

Plaintiff Jennifer Starks filed an application for a period of disability, disability insurance benefits (DIB) and supplemental security income (SSI) on June 23, 2009, alleging disability from June 2, 2008. The claim was denied at the initial administrative stage. Plaintiff then requested a hearing before an ALJ, who determined that plaintiff was not disabled at any time from June 2, 2008 through the date of the ALJ's decision on March 25, 2011. The Appeals Council vacated the decision and remanded the case to the ALJ on November 17, 2011 with instructions to obtain and assess additional evidence in conjunction with plaintiff's claim. Plaintiff testified before the ALJ at a hearing held on March 29, 2012. In a decision dated May 22, 2012, the ALJ found that plaintiff was not under a disability at any time from the amended onset date of February 1, 2009, through the date of the ALJ's decision. The Appeals Council denied plaintiff's request for review of the decision, which became the final decision of the Commissioner

on July 15, 2013.  On September 13, 2013, plaintiff filed this suit seeking judicial review of the Commissioner's unfavorable decision.

Both parties filed motions for summary judgment which were referred to the Magistrate Judge for report and recommendation.  On October 28, 2014, the Magistrate Judge issued a report and recommendation recommending that plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted.  Objections to that report have been filed by plaintiff within the established time period.  The court has reviewed the file, record, and Magistrate Judge's report and recommendation, and now addresses plaintiff's objections.

Plaintiff raises three objections to the Magistrate Judge's recommendation that the ALJ's finding that plaintiff was not disabled under the Commissioner's five-step disability analysis was supported by substantial evidence.  The first objection is that the ALJ did not give the proper weight to plaintiff's treating therapist, Nurse Practitioner Angela DiSante, or plaintiff's treating psychiatrist, Dr. Tancer, while giving too much weight to parts of Dr. Tripp's opinion, and no weight to other parts.  The ALJ determined the weight to give Dr. Tancer's opinions after discounting the value of his GAF assessments, for reasons discussed further with regard to the second objection.  Ms. DiSante's opinions were appropriately considered by the ALJ in determining the severity of plaintiff's impairment and how it affects her ability to work, but was not given deference as a treating source.   Dr. Tripp completed an evaluation of plaintiff's mental impairments based on his review of plaintiff's medical record.  The ALJ found that Dr. Tripp's opinion was entitled to significant weight because it was consistent with the objective findings of plaintiff's treaters and evaluating examiner, Dr. Mills, which were

-2-

part of the record that Dr. Tripp reviewed. The weight given to each treater, as well as the reviewing examiner, was proper in this case.

Plaintiff's second objection is that she is entitled to a good reason for the weight accorded by the ALJ to her treating source. Plaintiff argues that the ALJ was required to re-contact Dr. Tancer for clarification and further investigation due to the fact that Dr. Tancer assigned plaintiff low GAF scores, while at the same time noted that plaintiff was not bothered by depressive symptoms. The Magistrate Judge in this case specifically analyzed the evidence that the ALJ used to support the decision to afford Dr. Tancer's opinions only "some weight." At issue are several low assessments, in the form of GAF scores, assigned by Dr. Tancer in December, 2011 and January, 2012. Dr. Tancer's examination notes from the same time period indicated that plaintiff was not bothered by depressive symptoms. This observation of plaintiff's mood by Dr. Tancer was supported by other record evidence, including improved assessments provided by plaintiff's long-time counselor DiSante, the fact that plaintiff was attending college on a part-time basis, and an indication that plaintiff was inconsistent with taking her medications. After undertaking this analysis, the Magistrate Judge concluded that the ALJ's decision to assign only some weight to Dr. Tancer's low assessments was "appropriate and supported by substantial evidence." The "good reasons" for giving Dr. Tancer's opinions less than controlling weight were adequately articulated by the ALJ, and in light of the evidence available and considered by the ALJ, there was no duty on the part of the ALJ to perform any further investigation.

Plaintiff's third objection is that her medication side effects were not adequately addressed by the ALJ. The ALJ set forth in detail the allegations of side effects from

medications that plaintiff testified to at the March 29, 2009 hearing.  The ALJ then found that plaintiff's described symptoms were reasonably to be expected as a result of her medically determinable impairments.  However, the ALJ did not find the intensity, persistence and limiting effects of plaintiff's described symptoms to be credible. Specifically, the ALJ noted that the medication side effects described by plaintiff at the hearing were not reported as significant, if at all, to her treating physicians.  The ALJ found that this inconsistency undermined plaintiff's "credibility with respect to her allegations of significant, ongoing limitations caused by the side effects of prescribed medications."  (ALJ Decision, 108).

Plaintiff takes issue with the fact that the RFC did not contain specific limitations regarding her moderate concentration, persistence and pace impairment, as supported by the medical opinions of Dr. Tripp and Nurse Practitioner DiSante.  As the Magistrate Judge noted, all of the medical opinion evidence in the case supports the ALJ's hypothetical limitation for "simple, routine, one to three-step tasks" performed in a non-production pace setting.  Dr. Tripp concluded that plaintiff could do "simple, sustained, unskilled tasks with persistence."  Nurse DiSante noted only mild limitation in plaintiff's ability to understand and remember simple instructions, and recognized that plaintiff was enrolled in and enjoying college courses.  The Magistrate Judge relied on the record medical evidence in finding that the RFC restriction of limited light exertional work was supported by substantial evidence.

The ALJ's decision is supported by substantial evidence, and is therefore affirmed.

-5-

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's report and recommendation is accepted.

IT IS FURTHER ORDERED that judgment enter for defendant.

Dated: January 6, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 6, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk